MABEL L. JEFFERSON and ALICE HILL, Executrices of the Last Will and Testament of Elwood Little, deceased,

*vs.*

MABEL L. JEFFERSON, ALICE HILL, DORSEY W. LEWIS, JOHN F. McWHORTHER and PURNAL L. McWHORTER, trading as J. F. McWhorter & Son, J. N. KIRK, WILLIAM A. GREEN, THE LINCOLN OIL AND PAINT COMPANY, a corporation of the State of Ohio, JACOB H. EMERSON and CLARENCE C. DOWNS.

*New Castle, Nov. 16, 1927.*

*William T. Broughall*, for complainants.

THE CHANCELLOR. *Section* 3372, *Revised Code* 1915, provides the order in which distribution among creditors shall be made of the personal estate of decedents. That order, in so far as the present case is concerned, is as follows:

"Second. The reasonable bills for medicine and medical attendance during the last sickness and for nursing and necessaries for the last sickness of the deceased. * * * "

"Seventh. Obligations and contracts under seal."

The defendants Hill and Jefferson contend that they are given ranking order over the other creditor defendants by the seventh classification, or, if not, certainly by the second.

First then, do their claims fall within the seventh class? The bill and answer use the phrase, in apparent reference to the claim of Hill and Jefferson and descriptive thereof as falling in this class —"an acknowledgment under seal of a debt." The will is an instrument under seal, and it is therefore argued that the quoted language constitutes an acknowledgement under seal of a debt. If this be conceded, I do not see how the concession can be of assistance here. This is for the reason that the statute in its seventh class does not take care of acknowledgments under seal of debts. Its language is, "Obligations and contracts under seal." Now certainly a will, though it may contain an acknowledgment or admission of debts owing, cannot be said in any sense to be a contract or obligation. Discussion is unnecessary to support that proposition. The claim of Hill and Jefferson for service and care cannot, therefore, fall within the seventh classification of the statute.

Second. Does it fall within the second classification of the statute? If it does it is because it is a claim "for nursing and necessaries for the last sickness of the deceased." If the claimants rendered such services the bill and answer fail to show the fact. All that is shown as disclosing the fact that the claim is for nursing and necessaries for the last sickness of the testator, is the language of the will. Now that language—"to be paid for service and care of me"—is quite different from the descriptive language of the statute. The testator lived for nearly two years after he wrote that language into his will. For all that appears, the "service and care" may have been rendered him for practically the entire period between the making of the will and the day of his death and yet not be such as to constitute "nursing and necessaries for the last sickness of the deceased." There is nothing before me which shows that the claimants, Hill and Jefferson, can bring their claims within the second classification of the statute.

But aside from the foregoing, the will cannot operate to give to these claimants the status of creditors. All that it can do is to give them the status of legatees. If as a matter of fact they rendered compensable services to the deceased, the ranking order of a claim therefor must be determined by the nature and character of the services rendered and not conclusively by the language of the testator in bestowing a legacy upon the claimants. If it were otherwise, testators might by convenient use of language in wills and testaments oust the statute from its office of prescribing the order of payment of debts in disregard of the true facts. One who when a will is written has rendered, or is about to render, compensable services to a testator and who is, in consideration of such services, made a legatee in a sum ascertainable by a given rate per week, occupies upon the testator's death a dual position. He is a creditor by reason of the services rendered and a legatee by reason of the will. When it comes to distribution by the executor of the testate's estate, the will cannot exalt his rank as creditor above that which the actual nature of his services would under the statute give him, nor on the other hand can he as legatee be compelled, in the absence of agreement, to take as legatee and waive his proper ranking status as a creditor under the statute.

The pending bill bases the rights of Hill and Jefferson solely on the will. So basing their rights, the conclusion is that they are to be treated as legatees only.

If, disregarding the will, the provable facts are such as to show that the claimants rendered services in the way of nursing and necessaries for the deceased during his last illness, then of course their claims would fall in the second classification of the statute. But there is nothing before me upon which to found an opinion, if it were proper for me to do so, concerning what the actual fact in this respect may be.

If the complainants are in doubt upon the actual facts upon which the rank of the claimants as creditors is determined, proper procedure may be pursued to definitely determine the fact. To what extent, if any, the language of the will may be used as evidence, I am not of course called upon to say.

A decree will be entered to the effect that the quoted language of the will gives to Mabel L. Jefferson and Alice Hill the

status of legatees only, without prejudice to their right to assert a status as creditors for care and service rendered the deceased and to claim such ranking preference among the creditors as the nature of the service rendered by them, if any, would under all the facts and circumstances and under the statute entitle them to assert.